## O'Donnell v. Forgeville Corporation

*Gerald S. Mandlowitz*, for plaintiffs.
*Allen B. Greenwood*, for defendant.

RILEY, J., November 22, 1967.—Plaintiff brought action before a justice of the peace for legal fee and costs expended for certain services rendered and obtained a judgment in the amount of $312.72. Defendant appealed the decision to the common pleas court and arbitrators awarded plaintiff the sum of $197.58. Defendants have now appealed from the award of arbitrators. Plaintiff has moved to quash the appeal because accrued costs have not been paid to date and that the recognizance filed was not the type recognizance required to be filed by the Act of Assembly governing appeals from arbitration awards.

The Compulsory Arbitration Act of June 16, 1836, P. L. 715, 5 PS §71, sets forth the steps necessary to effect an appeal from the award of arbitrators and, as applicable to the instant issue, provides:

"1. The party appellant, his agent, or attorney, shall make oath or affirmation, that it is not for the purpose of delay such appeal is entered but because he firmly believes injustice has been done.

"2. Such party, his agent or attorney shall pay all the costs that may have accrued in such suit or action.

"3. The party, his agent or attorney shall enter into recognizance hereinafter mentioned.

"4. Such appeal shall be entered and the costs paid and recognizance filed within twenty days after the day

of the entry of the award of the arbitrators on the docket".

Appellant took the affidavit as required, did not pay accrued costs and posted a recognizance with the Aetna Casualty Company as surety in the amount of $500 with the following condition: "Now the condition of this obligation is such that if the above bounden principal, upon failure in the appeal taken from the Report and Award of Arbitrators in the above entitled action shall pay all costs that may be legally recovered in said appeal, then this obligation to be void and of no effect; otherwise to remain in full force and effect". Section 30 of the Act of 1836, 5 PS §75, specifies the condition of the required recognizance to be not only the "costs that may accrue in consequence of the said appeal" but also "together with the sum or value of the property or thing awarded by the arbitrators . . . ".

Relative to payment of costs as required by the Act of 1836, appellant avers that it has given bond, therefor, in lieu of payment in cash; and in regard to the form of the bond, it points to the Act of March 20, 1845, P. L. 188 which alters the conditions of recognizances in appeals "from judgments of aldermen and justices of the peace and from the awards of arbitrators shall be bail absolute in double the probable amount of costs accrued and likely to accrue in such cases". Appellant argues that this recognizance provision overrules that of the Act of 1836 as it was enacted nine years later and specifically referred to awards of arbitrators. In this we concur with appellant and Judge Sweeney, President Judge of the Delaware County Court in Juliano v. Massimo, 17 D. & C. 2d 635. The Act of 1845 quite specifically permits the filing of a bond as here filed by appellant and the appeal is not defective in that regard.

However, the Act of 1845 does not relieve appellant in awards from arbitrators from the duty to actually

pay the accrued costs in order to perfect his appeal in addition to filing the required recognizances. As may be noted by even a cursory reading of the Act of 1836, there are specific and separate steps set forth as absolute legislative requisites to effectively appeal from an award of arbitrators and these steps include both actual payment of accrued costs and the posting of recognizance. The fourth specified condition relating to time specifically states that "Such appeal shall be entered *and* the costs paid, *and* recognizance filed". (Italics supplied.) Appellant argues that, since the Act of 1845 includes in the permitted bond the condition for payment of accrued costs, this indicated an intent to remove that requirement also from the Act of 1836. However, almost as though in anticipation of such argued construction, if not in fact in actual anticipation, the legislature made it quite clear that no such intention existed when in a later act, Act of April 13, 1846, P. L. 303, 5 PS §80, was specifically set forth: "The first section of the Act, entitled 'An act concerning bail and attachments' (Act 1845) shall be so construed *as to require the payment* of all costs which have previously accrued, whenever an appeal is entered from an award of arbitrators, excepting where executors, administrators, guardians or trustees are appellants". (Italics supplied.)

No legislative words could more clearly express an intended construction than above quoted and the specific intent to differentiate between appeals from aldermen and justices of the peace and appeals from arbitrators. In the former, accrued costs shall not be paid where a bond is posted in double the amount of accrued and anticipated costs. However, the legislature has unequivocally stated such not to be so where the appeal is from award of arbitrators in which cases not only must the bond be filed but also costs accrued to date of appeal be paid in fact.

As accrued costs admittedly were not paid by appellant we find a vital and legislatively mandated step in perfecting the appeal is absent and the attempted appeal made thereby fatally defective. Appellant cites the decision of President Judge Gawthrop of this court in Betz v. Horn, 10 Chester 552, as contrary to this present holding. We do not so view the import of the two cases. In the Betz case double the accrued costs were paid in cash to the prothonotary which Judge Gawthorp construed to be in effect actual cash payment of the accrued costs and not defective merely because double the amount was paid. The issue presented before us now was not raised or present in the Betz case. In the light of the clear and explicit legislative language in the Act of 1846 there can be no doubt whatever that no appeal may be perfected from an award of arbitrators without actual payment of accrued costs and the filing of the required recognizance either in the form set forth in the Act of 1836 or that permitted under the Act of 1845.

Wherefore, November 22, 1967, the motion to quash the appeal of Forgeville Corporation is granted and said appeal hereby ordered quashed.